UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VIVIAN GRIFFIN                                                                                                      PLAINTIFF

v.                                                                                       CIVIL ACTION NO. 3:13cv35-DPJ-FKB

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration                                                                        DEFENDANT

ORDER

This Social Security appeal is before the Court on the Report and Recommendation ("R&R") [15] United States Magistrate Judge F. Keith Ball who recommends affirming the decision of the Commissioner.  Plaintiff Vivian Griffin filed a timely Objection [16] to the R&R.  After reviewing the Magistrate Judge's findings, together with Griffin's Objection, the Court concludes that the R&R should be adopted as the opinion of this Court.

The Administrative Law Judge (ALJ) determined that Griffin's subjective complaints were not credible to the extent alleged and that she had the residual functional capacity (RFC) to perform light work with standing or walking limited to four hours and sitting limited to six hours.  Judge Ball found that substantial evidence supported the ALJ's findings.  Judge Ball also concluded that the ALJ's failure to grant Griffin's request for a supplemental hearing did not prejudice her.  Griffin, who is represented by knowledgeable counsel, objects to both conclusions.

A refusal to grant a supplemental hearing cannot be affirmed if the refusal prejudiced the claimant.  *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000) (citation omitted).  Griffin requested a hearing so she could pose hypotheticals to the vocational expert based on limitations

1

found by Dr. Parresh Goel, who performed a post-hearing consultative physical examination. R. [9] at 209. But the ALJ gave little weight to Dr. Goel's opinion, a decision he supported with significant explanation. R. [9] at 17. It follows that hypotheticals and the vocational expert's responses based on Dr. Goel's opinion would also have been given little weight. And such questioning would not have changed the fact that the ALJ gave considerable weight to Dr. Owens's opinions. Griffin has not shown prejudice.

As to the RFC determination, Judge Ball concluded that it was based on substantial evidence. Griffin objects, arguing that Dr. Owens's opinions do not contain substantial evidence to support the ALJ's findings as to Griffin's credibility or the severity of her mental impairment. Specifically, Griffin points to the fact that Dr. Owens only made "rule-out" diagnoses as to malingering and depression. Dr. Owen's report includes substantial evidence of malingering, including that Griffin endorsed three out of three symptoms suggestive of malingering. The ALJ also considered Griffin's hearing testimony about her symptoms which was not always corroborated by objective medical evidence. The ALJ further noted that Griffin continues to smoke suggesting malingering as to the severity of her hypertension and asthma.

It therefore appears that the ALJ considered all of the records and that substantial evidence supports his credibility determination. There is also substantial evidence to support the ALJ's determination that any mental impairment was nonsevere. The same evidence of malingering in Dr. Owens's report also supports this finding. And the ALJ noted that treatment records from July 2011 showed that Griffin's depression was stable. R. [9] at 14. Mindful that the Court may not engage in de novo review, it appears that the ALJ applied the correct legal standards and that his RFC determination was supported by substantial evidence.

IT IS, THEREFORE, ORDERED that Plaintiff's objection to the Report and Recommendation is hereby overruled.

IT IS FURTHER ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court; Defendant's motion [12] is granted; Plaintiff's motion [10] is denied; the decision of the Commissioner is affirmed; and this action is dismissed with prejudice.

A separate judgment will be entered in accordance with the Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 26th day of March, 2014.

>           s/ *Daniel P. Jordan III*
>           UNITED STATES DISTRICT JUDGE